UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-23945-GAYLES/OTAZO-REYES

CHRISTOPHER DWECK,

      Plaintiff,

v.

CITY OF MIAMI SPRINGS and
FLORIDA STATE LODGE FRATERNAL
ORDER OF POLICE, INC.,

      Defendants.

_____/

**ORDER**

      **THIS CAUSE** comes before the Court on Defendants', City of Miami Springs (the "City")

and Florida State Lodge Fraternal Order of Police (the "FOP"), Motion to Dismiss Plaintiff's

Amended Petition to Compel Arbitration with Prejudice (the "Motion") [ECF No. 25]. Defendants

bring this Motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Id.* at 1. The

Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that

follow, the Motion is granted.

**BACKGROUND[1]**

      This action is the third in a series of cases filed by Plaintiff Christopher Dweck ("Dweck")

in state and federal court. The two other actions are: (1) *Dweck v. City of Miami*, No. 18-CIV-

23320-KMW (S.D. Fla. Aug. 15, 2018); and (2) *Dweck v. Miami Fraternal Order of Police Lodge*

---

[1] As the Court proceeds on a motion to dismiss, it accepts Plaintiff's allegations in the Amended Petition to Compel
Arbitration as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per
curiam).

*#20*, No. 2019-027882-CA-01 (Fla. 11th Cir. Ct. Sept. 20, 2019).[2] In this case, Dweck seeks to compel the City and the FOP to arbitrate his grievances resulting from his termination as a police officer.

## I.   Underlying Factual Allegations

Dweck is a former police officer for the City. His employment was governed by a Collective Bargaining Agreement[3] (the "CBA") entered into by the City and the FOP. Following an on-duty hit-and-run motor vehicle accident, the Miami Springs Police Department ordered Dweck to submit to a drug test. Dweck was terminated by the Police Department on November 6, 2017, after he tested positive for a substance not identified in the Amended Petition.[4] Dweck alleges that the CBA requires the City to have placed him into counseling, and then on probation, for a first-time positive drug test result. Dweck also alleges that the City "published stigmatizing information in the public domain" alleging that he is a user of drugs. [ECF No. 17 at 4 ¶ 27]. Additionally, Dweck's Florida Department of Law Enforcement certification has been indefinitely suspended and he is unable to seek employment as a police officer.

Article 17 of the CBA provides a detailed grievance process to resolve "a dispute about alleged violations or misapplications of particular clauses" of the CBA, which may culminate in arbitration. *See* [ECF No. 1-1 at 25–29]. However, "no bargaining unit member may file a

---

[2] Docket entries from the prior federal action shall be cited as "*Federal Action*, [ECF No. __]." Docket entries from the state action shall be cited as "*State Action*, [ECF No. __]."

[3] Dweck attached the Collective Bargaining Agreement to his original Petition to Compel Arbitration. *See* [ECF Nos. 1 & 1-1]. In his Amended Petition to Compel Arbitration, Dweck repeatedly refers to and cites the Collective Bargaining Agreement without reattaching it as an exhibit. However, the Court takes judicial notice of the Collective Bargaining Agreement because it may "take judicial notice of . . . its own records." *Vital Pharms. v. PepsiCo, Inc.*, 528 F. Supp. 3d 1295, 1299 (S.D. Fla. 2021). *See also Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." (citation omitted)); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[4] After receiving the positive test result, Dweck tested negative in three subsequent drug tests.

grievance or request arbitration without the written authorization from the" FOP. *Id.* at 29. The FOP or the City may request that a grievance be submitted to arbitration "within fifteen (15) days after the City Manager, or his designee, renders a written decision on the grievance" and only "[i]n the event a grievance processed through the grievance procedure has not been resolved . . . ." *Id.* at 27. While Dweck alleges that the CBA "contains a 5-step grievance process, which culminates in arbitration[,]" he does not explain what occurred during his grievance process or whether a written decision was issued by the City Manager. [ECF No. 17 at 3 ¶ 14].

The FOP initiated arbitration on Dweck's behalf, challenging his termination for "just cause" under the CBA. *Id.* at 4 ¶ 21; 5 ¶ 30. An arbitrator was selected, discovery was completed, and all that remained was for the final hearing to take place. Although the FOP supported Dweck through those states of arbitration, it unilaterally abandoned the arbitration prior to the final hearing without Dweck's consent. While the City did not force the FOP to abandon arbitration, the City failed to provide Dweck with a post-termination remedy or grievance process before a neutral body. Dweck, through his counsel, requested that the City conduct the arbitration hearing without the FOP, but the City refused.

Here, Dweck alleges that the FOP's decision to abandon arbitration "was arbitrary, in bad faith, and/or discriminatory." *Id.* at 3 ¶ 18. According to Dweck, he has been aggrieved by the failure, neglect, or refusal of the City and the FOP to provide him with arbitration or another curative remedy. *Id.* at 4 ¶¶ 23–24. Dweck alleges that the City "is obligated by statute, contract, and constitution to provide [him] with a binding and final disposition of his grievance by an impartial neutral . . . where he can cross-examine witnesses, present a defense, and present mitigating evidence." *Id.* at 4 ¶ 22 (emphasis removed). Finally, Dweck alleges that he "is

guaranteed the right to air his grievance, specifically that he was terminated without just cause, under the First Amendment." *Id.* at 4 ¶ 25.

## II.      The Federal Action before District Judge Kathleen M. Williams

On August 15, 2018, Dweck initiated an action in federal court against the City and several other defendants, asserting various claims pursuant to 42 U.S.C. § 1983 and for breach of contract and declaratory relief. *See Federal Action*, [ECF Nos. 1 & 43]. There, Dweck alleged that the City and several individual officers improperly terminated him following the accident after he tested positive for amphetamines and cocaine. *See Federal Action*, [ECF No. 43]. Dweck alleged that the FOP improperly abandoned the grievance procedure outlined in the CBA and that the City refused to resume it. *Id.* at 5 ¶¶ 37–39. On August 19, 2020, Judge Williams issued an Omnibus Order granting, in part, the defendants' motions to dismiss and motion for summary judgment and denying Dweck's motion for leave to join parties. *See Federal Action*, [ECF No. 109]. Relevant to this action, Judge Williams declined to exercise supplemental jurisdiction over Dweck's state-based breach of contract claim and dismissed it without prejudice. *Id.* at 30. On August 25, 2020, Judge Williams entered a Final Judgment in favor of the defendants. *See Federal Action*, [ECF No. 111].

On September 2, 2020, Dweck moved to alter the judgment or, in the alternative, moved for reconsideration of Judge Williams's dismissal of the breach of contract count, arguing that because his breach of contract claim involved the CBA, federal question jurisdiction existed pursuant to Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), 29 U.S.C. § 185. *See Federal Action*, [ECF No. 112 at 1 ¶ 4]. On October 14, 2020, Judge Williams granted in part and denied in part Dweck's motion. *See Federal Action*, [ECF No. 115]; *Dweck v. City of Miami Springs*, No. 18-CIV-23320, 2020 WL 6081656 (S.D. Fla. Oct. 14, 2020). Judge Williams

4

found that Section 301 preempted Dweck's state breach of contract claim because the claim was based on the City's alleged breach of the CBA. She also found that Dweck "failed to articulate that his claim is governed by Section 301" and failed to allege "that he [had] either fully exhausted the contractual remedies under the [CBA] or that an exception to Section 301's exhaustion requirement applie[d]." [ECF No. 115 at 6, 8–9]. Dweck did not appeal the Final Judgment or the Order on Plaintiff's Motion to Alter Judgment.

### III.   The State Action before Circuit Judge Pedro P. Echarte, Jr.

On September 20, 2019, Dweck initiated an action in state court against the Miami Fraternal Order of Police, Lodge #20, Alan Diamond, and Funk Szachacz & Diamond, LLC, asserting claims for declaratory judgment, breach of contract, specific performance, and legal malpractice. *See State Action*, [ECF Nos. 2 & 9] (replacing Miami Fraternal Order of Police, Lodge #20, with the FOP). On August 17, 2020, Dweck filed his Sixth Amended Complaint against the City and the FOP, raising a single count for declaratory judgment pursuant to the Florida Declaratory Judgment Act, Fla. Stat. ch. 86. *See State Action*, [ECF No. 75]. Like his prior and current federal actions, Dweck alleged that he was improperly terminated by the City and that the FOP and the City improperly abandoned the arbitration. Dweck requested, in part, that Judge Echarte declare "whether the CBA requires the **FOP** and the **City** to *finish the arbitration they already started*." *Id.* at 6 (alterations in original).

On September 25, 2020, Judge Echarte dismissed the action with prejudice for lack of subject matter jurisdiction because Dweck's claim "constitute[d] a violation of the 'duty of fair representation' a union has with its members under Florida law." *See State Action*, [ECF No. 83 at 2] (noting that Dweck admitted this fact at oral argument). Judge Echarte noted that "[a] complaint by a member of a public employee union that the union has failed to fairly represent

5

him is cognizable *only* before the Florida Public Employees Relations Commission, thus preempting Florida circuit court jurisdiction." *Id.* (citing *Browning v. Brody*, 796 So. 2d 1191, 1192–93 (Fla. 5th DCA 2001)). Thus, Dweck "should have filed an unfair labor practice charge with the Florida Public Employees Relations Commission, not an action in Florida circuit court," if he "believed the FOP acted improperly . . . ." *Id.* On September 30, 2020, the City and the FOP jointly moved to vacate Judge Echarte's Order to allow the parties to submit competing orders of dismissal. *See State Action*, [ECF No. 85 at 1]. On November 30, 2020, Judge Echarte denied the joint motion to vacate. *See State Action*, [ECF No. 88]. Dweck's appeal of that decision is pending before Florida's Third District Court of Appeal.

## IV.    Procedural History in the Instant Action

On September 28, 2020, Dweck filed a Petition to Compel Arbitration against the City and the FOP, seeking an order from this Court compelling the City and the FOP to participate in arbitration pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq.*, and Florida Statute § 447.401. [ECF No. 1]. On October 8, 2020, Defendants moved to dismiss the Petition with prejudice, arguing that the Court lacked an independent basis for jurisdiction under the FAA and that Dweck's claims were barred by res judicata. [ECF No. 14]. On October 22, 2020, Dweck filed his Amended Petition to Compel Arbitration (the "Amended Petition") against the City and the FOP, again seeking to compel the City and the FOP to arbitrate his grievance pursuant to the FAA and Florida Statute § 447.401. [ECF No. 17]. On December 8, 2020, Defendants filed the instant Motion, seeking dismissal of the Amended Petition for lack of subject matter jurisdiction and because the claims are barred by res judicata. [ECF No. 25].

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "A district court must have jurisdiction under at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) (per curiam) (citation omitted). "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction . . . ." *Kokkonen*, 511 U.S. at 377 (citations omitted).

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1) can be based on a facial or factual challenge to the complaint. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). On a facial challenge, a court is required only to determine if the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction . . . ." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam)). In doing so, "the court must consider the allegations in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[5] By contrast, a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered." *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence*, 919 F.2d at 1529). On a factual challenge, "no presumptive truthfulness attaches to [the] plaintiff's allegations," *Lawrence*, 919 F.2d at 1529 (quoting *Williamson*, 645

---

[5] The Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

F.2d at 413), and the plaintiff bears the burden to prove the facts sufficient to establish subject matter jurisdiction, *see OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

## DISCUSSION

In his Amended Petition, Dweck raises two "grounds" for relief.[6] [ECF No. 17]. In Ground 1, the Court construes Dweck's claim as a breach of the CBA against the FOP for the FOP's alleged failure to comply with its obligations under the CBA. *Id.* at 5. *See also id.* at 2 ¶ 10 ("If a FOP member is terminated and seeks legal representation from the FOP, the FOP evaluates the merits of the termination and decides whether to defend and fund the grievance procedure, including arbitration." (citation omitted)); 5 ¶ 29 (stating that the CBA governs Dweck's employment). In Ground 2, Dweck raises a state-based claim for an alleged violation of Florida Statute § 447.401. *Id.* at 6. In their Motion, Defendants bring a facial challenge to the Court's subject matter jurisdiction, arguing that the Court lacks an independent basis for subject matter jurisdiction over the claims in the Amended Petition. [ECF No. 25]. Defendants also argue that Dweck's claims are barred by the doctrine of res judicata. *Id.*

## I.     The Court's Jurisdiction over Dweck's Claims

Dweck asserts that the Court has jurisdiction to hear his claims based on Section 4 of the FAA.[7] Because the FAA does not, itself, confer subject matter jurisdiction, Dweck must establish

---

[6] The Amended Petition fails to identify which defendant each claim is brought against, leaving Defendants—and the Court—with inadequate notice. While the allegations in Ground 1 suggest that it is being brought against the FOP only, *see* [ECF No. 17 at 5], it is unclear from the allegations whether the FOP and/or the City is a defendant in Ground 2, *see id.* at 6.

[7] Section 4 of the FAA provides that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

an independent basis for subject matter jurisdiction over his claims. *Vital Pharms. v. PepsiCo, Inc.*, 528 F. Supp. 3d 1304, 1308 (S.D. Fla. 2020) ("[B]ecause the FAA does not confer subject matter jurisdiction upon district courts, the district court must have an independent basis for jurisdiction."). *See also Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (noting that section 4 of the FAA "does not confer subject matter jurisdiction on federal courts"). "It is well-settled that parties cannot create subject matter jurisdiction by agreement." *Tamiami Partners ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1222 (11th Cir. 1999). Dweck must therefore show that subject matter jurisdiction exists over his claims based on diversity, federal question, or by grant of a statute. *Butler*, 562 F. App'x at 834 (citation omitted).

### A.    Diversity Jurisdiction

A district court enjoys diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a)(1). From the face of the Amended Petition, diversity jurisdiction does not exist over either of Dweck's claims. First, Dweck fails to allege his state of citizenship, instead alleging his state of residence. *See Kantrow v. Celebrity Cruises Inc.*, --- F. Supp. 3d ---, No. 20-CIV-21997, 2021 WL 1976039, at *9 (S.D. Fla. Apr. 1, 2021) ("Because Plaintiffs alleged their state of residency and not their state of citizenship, they have failed to properly plead their citizenship for purposes of diversity jurisdiction." (citation omitted)). *See also Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) ("Residency is necessary, but insufficient, to establish citizenship in a state."). To establish diversity jurisdiction, "citizenship should be 'distinctly and affirmatively alleged.'" *Kantrow*, 2021 WL 1976029, at *8 (quoting *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980)). Second, even if the Court were to assume that Dweck's state of residence is

9

in fact his state of citizenship, he and Defendants are from Florida and, therefore, not completely diverse. [ECF No. 17 at 2 ¶¶ 5–7]. *See also Rivas v. Bank of N.Y. Mellon*, No. 15-CIV-81307, 2018 WL 4293151, at *3 (S.D. Fla. Sept. 10, 2018) ("Here, the parties are not completely diverse because Plaintiff and many Defendants are citizens of the same state."). Additionally, Dweck does not allege that the amount in controversy in this action exceeds the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1332(a). Therefore, diversity jurisdiction does not exist over either of Dweck's claims.

### B.    Federal Question Jurisdiction

Federal district courts are vested with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (alterations in original) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Moreover, "the mere fact that a dispute concerns a contract or an agreement to arbitrate, without more, does not raise a federal question." *Tamiami Partners*, 177 F.3d at 1222. When determining whether federal jurisdiction exists over a petition for arbitration brought under Section 4 of the FAA, courts apply a "look through" approach: "[a] federal court may 'look through' a § 4 petition and order arbitration if, 'save for [the arbitration] agreement,' the court would have jurisdiction over 'the [substantive] controversy between the parties.'" *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1247 (11th Cir. 2011) (alterations in original) (quoting *Vaden*, 556 U.S. at 53).

In the Amended Petition, Dweck attempts to invoke the Court's federal question jurisdiction by alleging three independent bases that are unrelated to his causes of action. The first

basis "involves questions of federal law pursuant to 42 U.S.C. § 1983" for violations of the First and Fourteenth Amendments of the United States Constitution. *See* [ECF No. 17 at 1 ¶ 2] (citations omitted). The second basis is under 42 U.S.C. § 12112, which Dweck alleges "prohibits an employer or labor organization from discriminating against a qualified individual on the basis of a disability in his discharge." *Id.* at 1 ¶ 3. The third basis is under 29 U.S.C. § 185, which Dweck alleges "governs and pre-empts all claims that require interpreting a collective bargaining agreement, irrespective of whether a public employee is involved." *Id.* at 2 ¶ 4. However, Dweck's claims are not based on any of those statutes or constitutional amendments. Nor does Dweck properly allege the elements required to bring a claim under any of the statutes or constitutional amendments that he identifies.

For example, although he states that jurisdiction exists under 42 U.S.C. § 1983, Dweck does not allege "that a person acting under color of state law committed an act that deprived him of some right protected by the Constitution or laws of the United States." *Lindbloom v. Manatee Cnty.*, 808 F. App'x 745, 749 (11th Cir. 2020) (per curiam). For the First Amendment, Dweck fails to allege that the speech in dispute is of public concern or that the balance of interests weighs in his favor as a public employee. *See City of San Diego, Cal. v. Roe*, 543 U.S. 77, 82–84 (2004). And for the Fourteenth Amendment, Dweck does not allege "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006) (quoting *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). As to alleging jurisdiction pursuant to 42 U.S.C. § 12112, Dweck fails to establish a *prima facie* case for disability discrimination by showing that: (1) he has a disability; (2) he was a "qualified individual" at the relevant time; and (3) Defendants

11

discriminated against him because of his disability. *See Lewis v. City of Union City*, 934 F.3d 1169, 1179 (11th Cir. 2019) (citations omitted).

Dweck's claim that jurisdiction exists under 29 U.S.C. § 185—which codifies Section 301 of the LMRA—also fails. The LMRA "provides for suits in the district courts for violation of collective-bargaining contracts between labor organizations . . . and employers . . . ." *Fraginals v. Postmaster Gen.*, 265 F. Supp. 2d 1309, 1317 (S.D. Fla. 2003) (citations omitted). *See also Fontainebleau Fla. Hotel, LLC v. S. Fla. Hotel & Culinary Emps. Welfare Fund*, 508 F. Supp. 3d 1239, 1247–48 (S.D. Fla. 2020) ("Section 301 was enacted to empower federal courts to enforce collective bargaining agreements."). The LMRA "contemplates not only suits between unions and employers, but also suits by individual employees to vindicate uniquely personal rights such as wages, wrongful discharge, etc." *Fraginals*, 265 F. Supp. 2d at 1317 (citations and internal quotations marks omitted).

Ordinarily, "§ 301 governs, and, hence, preempts claims that are either founded directly on rights created by a collective bargaining agreement or substantially dependent upon an analysis of a collective bargaining agreement." *Darden v. U.S. Steel Corp.*, 830 F.2d 1116, 1117 (11th Cir. 1987) (per curiam). This is because "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. of S. Cal.*, 463 U.S. 1, 23 (1983) (internal quotation marks omitted). However, whether the LMRA applies—and, therefore, federal law preempts—depends on the nature of parties to the collective bargaining agreement and the industry in which they operate. Section 185 provides that:

> Suits for violation of contracts between an employer and a labor organization
> representing employees in an industry affecting commerce . . . , or between any
> such labor organizations, may be brought in any district court of the United States

having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). An "industry affecting commerce" for purposes of the LMRA is "any industry or activity in commerce or in which a labor dispute would burden or obstruct commerce or tend to burden or obstruct commerce or the free flow of commerce." 29 U.S.C. § 142(1). Additionally, "commerce" is defined as "trade, traffic, commerce, transportation, or communication among the several States, . . . or between points in the same State but through any other State or any Territory or the District of Columbia or any foreign country." 29 U.S.C. § 152(6). Particularly relevant to this dispute, an "employer" includes:

> [A]ny person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, *or any State or political subdivision thereof*, or any person subject to the Railway Labor Act, . . . or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization.

*Id.* at § 152(2) (emphasis added).

Here, Dweck cannot properly assert his causes of action, or invoke the Court's subject matter jurisdiction, under the LMRA because the City—as the employer to the CBA—is a political subdivision of the State of Florida. "Where a governmental employer is involved, federal jurisdiction over such a suit does not exist." *Cf. City of Saginaw v. Serv. Emps. Int'l Union, Local 446-M*, 720 F.2d 459, 462 (6th Cir. 1983) (finding that "the union's suit could not have 'arisen under' § 301 since the employer, as a local government unit of the State of Michigan, is exempted specifically from the definition of 'employer' for purposes of § 301" (quoting 29 U.S.C. § 152(2))). This finding is not contrary to Judge Williams's previous finding that Dweck "failed to articulate that his claim [was] governed by Section 301" and "failed to allege . . . that he [had] either fully

exhausted the contractual remedies under the [CBA] or that an exception to Section 301's exhaustion requirement applie[d]." *Dweck*, 2020 WL 6081656, at *4.

Dweck—as the party attempting to invoke the Court's subject matter jurisdiction—has the burden of establishing that jurisdiction exists. *See Kokkonen*, 511 U.S. at 377 (citations omitted). However, he fails to establish that, "save for [the arbitration] agreement," the Court would "have jurisdiction over 'the [substantive] controversy between the parties.'" *Cmty. State Bank*, 651 F.3d at 1247 (alterations in original) (quoting *Vaden*, 556 U.S. at 53). Therefore, Defendants' Motion shall be granted, and Dweck's Amended Petition shall be dismissed for lack of subject matter jurisdiction.

## II.    *Res Judicata* Applies to Dweck's Claims

Defendants also argue that the Amended Petition is barred by the doctrine of res judicata and must therefore be dismissed. Dweck argues that res judicata does not apply to his claims because his claims could only be brought in federal court and because no competent court issued a judgment on the merits. The Court finds that res judicata bars Dweck's claims.

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "Both doctrines are designed to protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Seminole Tribe of Fla. v. Biegalski*, 757 F. App'x 851, 856 (11th Cir. 2018) (per curiam) (alterations in original) (internal quotation marks omitted) (quoting *Taylor*, 553 U.S. at 892) (noting that res judicata "preclud[es] parties from contesting matters they have had a full and fair opportunity to litigate"). "Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the

14

claim raises the same issues as the earlier suit." *Taylor*, 553 U.S. at 892 (citation and internal quotation marks omitted). "Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id.* (citation and internal quotation marks omitted).

"To invoke res judicata . . . a party must establish four elements: that the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1325 (11th Cir. 2020). "[R]es judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Id.* The Court finds that Dweck's demand for arbitration is barred by the doctrine of res judicata. Albeit under various legal theories, Dweck has now raised the same claim against the same parties—to compel Defendants to complete the arbitration as to his grievance—before two federal courts and one state court. Notably, the state court decision resulted in a dismissal with prejudice because the state court found that Dweck's claims were "cognizable *only* before the Florida Public Employees Relations Commission . . . ." *See State Action*, [ECF No. 83 at 2] (citing *Browning v. Brody*, 796 So. 2d 1191, 1192–93 (Fla. 5th DCA 2001)). This is critical because "a dismissal with prejudice is deemed an adjudication on the merits for the purposes of res judicata." *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1170 (5th Cir. 1980).[8]

---

[8] The Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Dweck argues that the state court was not a "court of competent jurisdiction" because it found that it lacked subject matter jurisdiction.[9] [ECF No. 32 at 11–12]. However, the state court decision is in effect a merits-based decision because it found that no court could appropriately resolve Dweck's claims; rather, his claims were only cognizable before the Florida Public Employees Relations Commission. *See State Action*, [ECF No. 83 at 2] (citing *Browning v. Brody*, 796 So. 2d 1191, 1192–93 (Fla. 5th DCA 2001)). The state court did not rule that another court—for example, a federal court—could properly have jurisdiction over Dweck's claims, but rather that no court could adjudicate Dweck's claims because (1) "the FOP controls the grievance and arbitration procedure *exclusively*," *id.* at 4, and (2) any complaints related to that process were only to be brought before the Florida Public Employees Relations Commission, *id.* at 2 (citing *Browning v. Brody*, 796 So. 2d 1191, 1192–93 (Fla. 5th DCA 2001)). The finality of that decision bars Dweck from relitigating the issue in another court under res judicata principles. Therefore, Defendants' Motion shall be granted, and Dweck's Amended Petition shall be dismissed with prejudice.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants', City of Miami Springs and Florida State Lodge Fraternal Order of Police, Motion to Dismiss Plaintiff's Amended Petition to Compel Arbitration with Prejudice, [ECF No. 25], is **GRANTED**.

2. Plaintiff Christopher Dweck's Amended Petition to Compel Arbitration, [ECF No. 17], is **DISMISSED with prejudice**.

---

[9] Although Dweck now argues that the state court was not a "court of competent jurisdiction" to consider his claims, he did not move to alter the judgment from a dismissal with prejudice to one without prejudice. Instead, Dweck appealed the state court decision.

3.      Any remaining pending motions are **DENIED as moot**.

4.      This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of November, 2021.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE